IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN STRANGE, | ) |
| | ) |
| Plaintiff, | ) Cause No.: 1:20-cv-1837 |
| | ) |
| vs. | ) |
| | ) |
| BALKAMP, INC., | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, John Strange, by counsel, and as his Complaint for Damages against Defendant, Balkamp, Inc., states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, John Strange (hereinafter "Plaintiff" or "Strange"), is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendant, Balkamp, Inc. (hereinafter "Balkamp" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101 and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*., Act, 29 U.S.C. §2601*, et. sec*. which conducts business in the State of Indiana.

3. Strange filed a Charge of Discrimination (Charge No. 470-2020-00454) with the Equal Employment Opportunity Commission on or about November 1, 2019, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*.

4. The Equal Employment Opportunity Commission issued to Strange a 90-day Right to Sue letter on May 7, 2020.

5. Strange invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a fifty-nine (59) year old male who suffers from tremors and had been employed by the Defendant as a Printing Coordinator since August 24, 2007.

8. Plaintiff has a cord stimulator implanted in his neck to reduce the tremors, but his hands still shake.

9. Despite being the oldest employee in his department, the Plaintiff at all times met or exceeded the Defendant's legitimate performance expectations.

10. At the end of 2018, the Plaintiff complained to the corporate human resources department when his supervisor wrote him up for having a bad attitude because he questioned her about having the proper equipment to do his job.

11. Throughout 2019, Plaintiff's supervisor created a hostile work environment for the Plaintiff and made many negative comments about his tremors.

12. On October 14, 2019, the Plaintiff reported to a Vice President, Matt LeTexier, that his supervisor was discriminating against him, threatening his job, and also that she was keeping a secret file on him.

13. On October 24, 2019, Plaintiff's supervisor wrote Plaintiff up for allegedly stealing a cookie and being disrespectful.

14. The write-up in question accused Plaintiff of being so easily angered that his hands were shaking and that he threw a box on the ground, when she in fact knew that he had accidentally dropped the box due to his tremors.

15. The Plaintiff refused to sign the write up and was therefore terminated and/or constructively discharged on that date, October 24, 2019.

Count I
Age Discrimination

16. Plaintiff incorporates by reference Paragraphs one (1) through fifteen (15) above.

17. Plaintiff, a fifty-nine (59) year old male, is over the age of forty and thus a member of a protected class.

18. Plaintiff met or exceeded all of Defendant's legitimate performance expectations.

19. Defendant discriminated against Strange on the basis of his age by creating a hostile work environment when it threatened his job, kept a secret file on him, and terminated his employment.

20. Plaintiff was treated less favorably than similarly situated younger employees who did not have their jobs threatened, did not have secret files kept on them, and were not terminated under similar circumstances.

21. Plaintiff's age was the motivating factor in Defendant's treatment of him and its decision to terminate his employment.

22. Defendant terminated Plaintiff's employment because of his age.

23. As a result of the foregoing, Strange suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

24. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Count II
Disability Discrimination

25.  Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) above.

26.  Plaintiff suffers from disabilities and/or perceived disabilities that affect one or more of his major life activities, specifically Plaintiff has a condition that causes him to have tremors and makes his hands shake.

27.  Plaintiff was able to perform all of the essential functions of his job with or without reasonable accommodation.

28. Rather than accommodate Plaintiff, Defendant's supervisor created a hostile work environment by writing him up, threatening his job, keeping a secret file on him, and Defendant eventually terminated his employment because of his disability(ies) and/or perceived disability(ies).

29. Plaintiff's final write-up leading to his termination and/or constructive discharge was in part because his tremors made his hands shake and drop a box.

30. Plaintiff was treated less favorably than similarly situated non-disabled employees who were not harassed and terminated.

31. As a result of the foregoing, Strange suffered damages, including but not limited to, lost wages and benefits, compensatory damages and attorney fees.

32. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count III
### ADEA Retaliation

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) above.

34. During his employment with Defendant, Plaintiff complained to HR and Defendant's VP that his supervisor was discriminating against because of his age.

35. Plaintiff's supervisor then wrote the Plaintiff up and terminated his employment in retaliation for his complaints of discrimination based on age.

36. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count IV
### ADA Retaliation

37. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) above.

38. During his employment with Defendant, Plaintiff complained to HR and Defendant's VP that his supervisor was discriminating against because of his disability.

39. Plaintiff's supervisor then wrote the Plaintiff up and terminated his employment in retaliation for his complaints of discrimination based on disability.

40. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, compensatory damages, attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, compensatory damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

## REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax